UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO:

TODD RIDEMAN, TERENCE JOHNSON,         )
and TODD FEYRER                        )
on behalf of themselves and            )
all other employees similarly situated,)
                                       )
                Plaintiffs,            )
                                       )
        v.                             )
                                       )
HOME DEPOT U.S.A., INC., THD AT HOME   )
SERVICES, INC.                         )
                Defendants             )
_____        )

## Nature of the Claim

1. This is a proceeding for monetary damages to redress the deprivation of rights secured to the Plaintiff, Todd Rideman and Terrance Johnson, as well as all other employees similarly situated and employed in Massachusetts ("Class Members") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and Massachusetts Wage Act.

2. The Plaintiffs worked as purported salesmen for the Defendants in Massachusetts.

## Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as to Counts II and IV.

## Facts

4. Todd Rideman ("Rideman") is an individual that resides in Waltham, Massachusetts.

5. Terence Johnson ("Johnson") is an individual that resides in Canton, Massachusetts.

6. Todd Feyrer ("Feyrer") is an individual that resides in Rindge, New Hampshire.

7. Home Depot, U.S.A., Inc. ("Home Depot USA"), is a Delaware Corporation, located at 2455 Paces Ferry Road, Atlanta, GA. Home Depot USA runs stores throughout Massachusetts.

8. THD At Home Services, Inc. ("THD"), is a Delaware Corporation, located at 2455 Paces Ferry Road, Atlanta, GA. THD controls the renovation arm of Home Depot USA's stores throughout Massachusetts.

9. The class consists of current and former employees of Home Depot, U.S.A., Inc. and THD At Home Services, Inc. (collectively "Home Depot" or "Defendants") who were not credited with their non-reduced weekly wages, commissions, correct overtime compensation, and minimum wages.

*Statement of the Facts*

10. The claims arising in this case are properly maintainable as a class action under the Federal Rules of Civil Procedure Rule 23(b).

11. The class consists of current and former employees of Defendants who were not credited with their non-reduced weekly wages, commissions, minimum wages, and correct overtime compensation.

12. The class size is believed to be over one thousand employees.

13. The Plaintiffs will adequately represent the interests of the Class Members because they similarly situated to the Class Members and their claims are typical of, and concurrent to, the claims of other Class Members.

14. There are no known conflicts between the Plaintiffs and the other Class Members.

15. The class counsel, David Summer, is qualified and able to litigate the Plaintiff's and Class Members' claims.

16. The class counsel practices in employment litigation, including actions arising under federal wage and hour laws.

17. Home Depot USA runs a chain of over 2,200 home improvement stores. Home Depot USA has 45 stores in Massachusetts.

18. The Plaintiffs and Class Members were employed purportedly as sales personnel, tasked with the sale of various home improvement renovation projects, such as the residential roof, siding, door and window replacement.

19. The Plaintiffs' and Class Members' jobs were essentially to meet with prospective customers in their homes, measure the proposed renovation, prepare an estimate and "book" the job by getting the proposed customer to sign a contract to do the work.  The Plaintiffs and Class Members were not involved, at all, in selecting the workers to perform the work, scheduling the job or providing any oversight to the same.  Their job ended once the contract with the customer was signed.

20. The Plaintiffs and Class Members were solely paid commission, except for their first six weeks of work, when they received "training pay" of $300 per week.

21. The Plaintiffs and Class Members obtained some leads from Home Depot directly. They were also assigned to work at various Home Depot stores in Massachusetts.

22. During his tenure at Home Depot, Rideman worked in Home Depot stores located in Waltham, MA, Salem, MA, Watertown, MA, Saugus, MA, Dorchester, MA, Reading, MA and Tewksbury, MA. Johnson worked in stores located in Norwood MA, Brockton MA, Bridgewater MA, Taunton MA, Mansfield MA, Plymouth MA, Avon MA, Dartmouth MA, Somerset MA, Hyannis MA, Wareham MA, Quincy MA (2 locations), West Roxbury MA, and Attleboro MA. He also worked occasionally in Rhode Island. Feyrer worked in Home Depot stores located in Massachusetts.

23. If the Plaintiffs and Class Members did not have three active sales appointments, they were required to "work their stores" and attempt to generate leads. They were to spend whatever time necessary in the stores until the three appointments were generated.

24. Even if the Plaintiffs and Class Members had three active appointments, they were required to spend at least three hours per week at their stores.

25. Most, if not all weeks, the Plaintiffs and Class Members spent upwards of 20-30 hours per week in Home Depot stores. On occasions, the Plaintiffs and Class Members spent over forty hours per week in the Home Depot stores. As

a result of being forced to work in the Home Depot stores, the Plaintiffs and Class Members usually spent anywhere from sixty to eighty hours per week working.

26. Specifically, each time the Plaintiffs and Class Members entered a Home Depot store, they were required to "check-in" with the store manager. They needed to wear khaki pants, dress shoes, a Home Depot orange "apron" and a Home Depot name tag.

27. The Plaintiffs and Class Members could not wear anything that would distinguish themselves from other Home Depot employees. As a result, Home Depot customers approached them consistently to ask questions and/or ask for help as they would any other Home Depot employee. As a result, the Plaintiffs and Class Members spent about ninety percent of the time working in the stores doing work totally unrelated to the selling of home renovation projects, such as fielding questions, locating products and information about other items sold by Home Depot, and assisting customers in packing items into their vehicles.

28. These tasks were wholly unrelated to the sale of roofs, windows, siding and doors. Nevertheless, the Plaintiffs and Class Members were instructed that they were not permitted to refuse to assist customers and they were to act like ordinary Home Depot employees.

29. The Plaintiffs and Class Members were never paid anything additional for essentially performing the additional job of a Home Depot associate. They were only paid for the commissions earned by them.

30. During slow periods, such as the winter season, the Plaintiffs and Class Members frequently worked for less than minimum wage. For instance, the Plaintiffs might work 50 store hours, spending 45 hours assisting customers (work wholly unrelated to their sales work) and not even earn minimum wage for the 45 hours for that week.

31. In weeks when the Plaintiffs and Class Members worked many store hours, but failed to make any significant commissions, Home Depot never paid the Plaintiffs and Class Members anything to make sure that they were compensated, at least up to the minimum wage, for the time they spent on tasks unrelated to their sales jobs.

32. The Plaintiffs and Class Members were paid on commission for sales made in two payments, which they called "First Halves" and "Back Halves."

33. The First Halves were paid when the job was "sold" and the customer signed the contract to do the renovation work. At that point, the Plaintiffs work on the proposed project was complete. They were required to do nothing additional to earn their commission. At the time the job is booked, the amount of the Plaintiffs' and Class Members' commissions are able to be definitively determined and calculated.

34. The Back Halves were paid when the job was completed by the installer and paid for.

35. Oftentimes Home Depot customers paid for these jobs via credit card, thus payment was a forgone conclusion and they were simply administratively charged when the job was installed.

36. Despite the Plaintiffs and Class Members not being required to perform any additional work to earn their Back Halves, the Plaintiffs and Class Members were not paid the same if they were not employed by Home Depot.

37. The failure of the Defendants to not pay its employees for the compensation due them is willful and unjustly enriches them.

38. Prior to the filing of this action, the Plaintiffs sought and received permission from the Attorney General to pursue a private right of action against the Defendant.

## COUNT I

## Fair Labor Standards Act

39. The Plaintiff and Class Members reallege the above paragraphs 1 through 38, inclusive, as if fully restated herein.

40. The Defendants willfully violated its obligations under the FLSA and is liable to the Plaintiff and Class Members for its failure to pay the Plaintiff and Class Members for time they worked without being compensated and/or for time they were not compensated for minimum wage.

41. As a direct result, the Plaintiff and the Class Members have suffered monetary damages.

## COUNT II
## Violation of M.G.L. c. 149

42. The Plaintiff and Class Members reallege the above paragraphs 1 through 41, inclusive, as if fully restated herein.

43. This is a cause of action by the Plaintiff and Class Members against the Defendant for unpaid overtime unpaid wages pursuant to Massachusetts General Laws, chapter 151, § 1A.

44. The Defendant failed to pay Plaintiff and the Class Members overtime wages, commissions, and unpaid wages.

45. As a direct result, the Plaintiff and the Class Members have suffered monetary damages.

## COUNT III

### Violation of M.G.L. c. 151 § 15

46. The Plaintiff and Class Members reallege the above paragraphs 1 through 45, inclusive, as if fully restated herein.

47. This is a cause of action against the Company for failure to maintain proper records in violation of Massachusetts General Laws, Chapter 151, § 15.

48. The Company failed to document properly the hours Plaintiff worked from the date the Plaintiffs commenced employment until the present.

49. These records must be kept by companies for 2 years.

50. Employers' failure to comply with MGL c. 151, § 15 has directly and/or indirectly caused the Plaintiff and Class Members to suffer damages.

## Count IV

### Violation of Good Faith and Fair Dealing

51. The Plaintiff and Class Members reallege the above paragraphs 1 through 50, inclusive, as if fully restated herein.

52. The Defendants failed to pay the Plaintiffs the Back Halves of the amounts due them, even though the Plaintiffs had no additional work to perform and even in situations when the customer's payments were arranged in advance via financing and/or credit card.

53. This failure to pay was in bad faith and was made to purposely deny the Plaintiffs monies due under their agreement with the Defendants. The retention of the Back Halves even occurred when employees were terminated by the Defendants.

54. The Defendants have breached the covenant of good faith and fair dealing.

## Count V

## Unjust Enrichment

55. The Plaintiff and Class Members reallege the above paragraphs 1 through 54, inclusive, as if fully restated herein.

56. The Defendants failed to pay the Plaintiffs the Back Halves of the amounts due them, even though the Plaintiffs had no additional work to perform and even in situations when the customer's payments were arranged in advance via financing and/or credit card.

57. This failure to pay unjustly enriched the Defendants as the Plaintiffs and Class Members had already done the work to earn the Back Halves and the Defendants retained the same if the Plaintiffs and Class Members were not employed at that time by them.

58. The Defendants have been unjustly enriched.

*The Plaintiffs and Class Members demand a jury trial on all triable issues*.

WHEREFORE, Plaintiffs and Class Members pray for the following relief:

1. An award of the value of the Plaintiffs' and Class Members' unpaid wages, including fringe benefits;

2. Award the Plaintiffs' and Class Members' damages for Counts I and II of this Complaint in an amount equal to the sum of the amount of wages and overtime which are properly paid to the Plaintiffs and Class Members;

3. Enter an award of treble damages, reasonable attorney's fees, costs and interest against the Defendants for its willful violation of the Massachusetts' Wage & Hour Act, M.G.L. c. 149, §§ 148 and 150; c. 151 § 1A and the Fair Labor Standards Act;

4. Award the Plaintiffs and Class Members damages for Counts III, IV and V of this Complaint;

5. An award of pre-judgment and post-judgment interest; and

6. Plaintiffs and the Class Members request such other orders and further relief as the Court deems appropriate, according to justice and equity.

Respectfully submitted,
Plaintiffs by their attorney,

/s/ David B. Summer
David Summer, Esq. (BBO 634514)
david@summerlaw.com
100 State Street, Suite 900
Boston, MA 02110
(617) 695-0050

Dated:  10/7/16